IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JACK TUCHTEN WHOLESALE PRODUCE, INC.<br>2404 S. Wolcott, Suite 31<br>Chicago, Illinois 60608<br>(312) 226-4536<br>　　　　　Plaintiff<br><br>　　　　　v.<br><br>JERRY'S CERTIFIED FOOD, INC.<br>4524 S. Ashland<br>Chicago, Illinois 60609<br>(773) 847-1598<br><br>　　　　　and<br><br>JAIME LINARES<br>48 Hamilton<br>Oak Brook, Illinois 60521<br>(773) 847-1598<br><br>　　　　　Defendants | **FILED**<br>**JANUARY 16, 2008**<br>MICHAEL W. DOBBINS<br>CLERK, U.S. DISTRICT COURT<br><br>PH　　　**08 C 351**<br>Case No. _____<br>**JUDGE LEINENWEBER**<br>**MAGISTRATE JUDGE SCHENKIER** |

**COMPLAINT**
**(To Enforce Payment From Produce Trust)**

Jack Tuchten Wholesale Produce ("plaintiff"), for its complaint against defendants, Jerry's Certified Food, Inc. and Jaime Linares, alleges:

JURISDICTION AND VENUE

1.　　Subject matter jurisdiction is based on Section 5(c)(5) of the Perishable Agricultural Commodities Act, 7 U.S.C. §499e(c)(5) (hereafter "the PACA"), 28 U.S.C. §1331 and 28 U.S.C. §2201.

2.　　Venue in this District is based on 28 U.S.C. §1391 in that (a) plaintiff's claim arose in this district and (b) defendants reside in this district.

## PARTIES

3. Plaintiff, an Illinois corporation with its principal place of business in Chicago, Illinois, is engaged in the business of buying and selling wholesale quantities of perishable agricultural commodities (hereafter "produce") in interstate commerce and was at all times pertinent herein, a dealer subject to and licensed under the provisions of the PACA as a dealer.

4. a. Defendant, Jerry's Certified Food, Inc. ("Jerry's"), a corporation with a principal place of business in Chicago, Illinois, is engaged in the business of buying wholesale quantities of produce in interstate commerce and was at all times pertinent herein, a dealer subject to license under the provisions of the PACA as a dealer.

    b. Defendant, Jaime Linares was the owner, officer, manager and director of Jerry's during the period of time in question who controlled the day to day operations of Jerry's and was in a position of control over the PACA trust assets belonging to plaintiff.

## GENERAL ALLEGATIONS

5. This action is brought to obtain declaratory relief and to enforce the trust provisions of P.L. 98-273, the 1984 amendment to Section 5 of the PACA, 7 U.S.C. §499e(c).

6. Between October 8, 2007, and November 2, 2007, plaintiff sold and delivered to defendants, in interstate commerce, $10,133.50 worth of wholesale quantities of produce which remains unpaid. A statement of account is attached hereto as Exhibit 1.

7. Defendants accepted the produce from plaintiff.

8. At the time of receipt of the produce, plaintiff became a beneficiary in a statutory trust designed to assure payment to produce suppliers. The trust consists of all produce or produce-related assets, including all funds commingled with funds from other sources and all assets procured by such funds, in the possession or control of defendants since the creation of the trust.

9. Plaintiff preserved its interests in the PACA trust in the amount of $10,133.50 by sending invoices to defendants which contained the language required by 7 U.S.C. § 499e(c)(4) and remains a beneficiary until full payment is made for the produce. Copies of a sampling of the invoices from plaintiff to defendants are attached hereto as Exhibit 2.

10. Despite demand for payment, Defendants have failed and refuse to pay plaintiff for the wholesale quantities of produce supplied by plaintiff, and have advised plaintiff they are unable to do so at this time.

11. Defendants' failure and inability to pay indicate that defendants are failing to maintain sufficient assets in the statutory trust to pay plaintiff and are dissipating trust assets.

### Count 1
### (Failure to Pay Trust Funds)

12. Plaintiff incorporates each and every allegation set forth in paragraphs 1 to 11 above as if fully set forth herein.

13. The failure of defendants to make payment to plaintiff of trust funds in the amount of $10,133.50 from the statutory trust is a violation of PACA and PACA regulations, and is unlawful.

WHEREFORE, plaintiff requests an order enforcing payment from the trust by requiring immediate payment of $10,133.50 to plaintiff, and for such other and further relief as the Court deems necessary and appropriate.

## Count 2

(Failure to Pay For Goods Sold)

14. Plaintiff incorporates each and every allegation set forth in paragraphs 1 to 13 above as if fully set forth herein.

15. Defendants failed and refused to pay plaintiff $10,133.50 owed to plaintiff for produce received by defendants from plaintiff.

WHEREFORE, plaintiff requests judgment in the amount of $10,133.50 against the defendants, jointly and severally, and for such other and further relief as the Court deems necessary and appropriate.

## Count 3

(Unlawful Dissipation of Trust Assets by
a Corporate Official – Jaime Linares)

16. Plaintiff incorporates each and every allegation set forth in paragraph 1 to 15 above as if fully set forth herein.

17. Defendant, Jaime Linares, was an officer and director who operated Jerry's during the period of time in question and who was in a position of control over the PACA trust assets belonging to plaintiff.

18. Defendant, Jaime Linares, failed to direct the corporation to fulfill its statutory duties to preserve PACA trust assets and pay plaintiff for the produce supplied.

19. Defendant, Jaime Linares' failure to direct the corporation to maintain PACA trust assets and pay plaintiff for the produce it supplied was an unlawful dissipation of trust assets by a corporate official.

20. As a result of said unlawful dissipation of trust assets, plaintiff has been deprived of its rights as a beneficiary in the produce trust and has been denied payment for the produce it supplied.

WHEREFORE, plaintiff requests judgment against defendant Jaime Linares in the amount of $10,133.50, and for such other and further relief as the Court deems necessary and appropriate.

## Count 4

(Interest and Attorneys Fees)

21. Plaintiff incorporates each and every allegation set forth in paragraphs 1to 20 above as if fully set forth herein.

22. As a result of defendants' failure to make full payment promptly of $10,133.50, plaintiff has lost the use of said money.

23. As a further result of defendants' failure to make full payment promptly of $10,133.50, plaintiff has been required to pay attorney's fees and costs in order to bring this action to require defendants to comply with their statutory duties.

24. On June 27, 1008, Jerry's executed a credit agreement in which it agreed to pay all costs and expenses, including attorneys fees, incurred by plaintiff in collecting any debt owed to it by Jerry's. A copy of the credit agreement is attached hereto as Exhibit 3.

25. PACA, the credit agreement, and plaintiff's invoices entitle plaintiff to recover prejudgment interest at a rate of 1.5% per month and attorney's fees incurred to collect any balance due from Defendant.

WHEREFORE, plaintiff requests judgment against each of the defendants, jointly and severally, for prejudgment interest, costs and attorneys fees, and for such other and further relief as the Court deems necessary and appropriate.

Dated this 16th day of January, 2008.

| McCARRON & DIESS | LAW OFFICES OF WILLIAM B. KOHN |
|---|---|
| By:s/ Mary Jean Fassett<br>Mary Jean Fassett, ID#9078552<br>4900 Massachusetts Ave., N.W.<br>Suite 18<br>Washington, DC 20016<br>(202) 364-0400<br>(202) 364-2731-fax<br>mjf@mccarronlaw.com | By:s/ William B. Kohn<br>William B. Kohn, #6196142<br>150 N. Wacker Drive<br>Suite 1400<br>Chicago, Illinois 60606<br>(312) 553-1200<br>(312) 553-1733-fax<br>kohn@wbkohnlaw.com |

Attorneys for Plaintiff