UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JACK TUCHTEN WHOLESALE PRODUCE, INC. )<br>Plaintiff, )<br>v. )<br>)<br>JERRY'S CERTIFIED FOOD, INC. and )<br>JAIME LINARES, )<br>Defendants. )<br>MANDOLINI COMPANY, INC., an Illinois Corporation )<br>Intervening Plaintiff, )<br>v. )<br>)<br>JERRY'S CERTIFIED FOOD, INC. and )<br>JAIME LINARES, individually, )<br>Defendants. ) | Case No. 08 C 351<br><br>Judge Leinenweber<br><br>Magistrate Judge Schenkier |

### UNOPPOSED MOTION OF MANDOLINI COMPANY, INC. FOR LEAVE TO INTERVENE AS PLAINTIFF PURSUANT TO RULE 24

Mandolini Company, Inc. ("Movant") moves for leave to intervene as a Plaintiff in this action, pursuant to Rule 24 of the Federal Rules of Civil Procedure in order to ensure a fair and proper hearing for the claims for relief asserted in its Complaint in Intervention, attached hereto as Exhibit A. In support thereof, Movant states:

1. Plaintiff Jack Tuchten Wholesale Produce, Inc. ("Tuchten"), brought this suit against defendants Jerry's Certified Food, Inc. (the "Company") and Jaime Linares (together, the "Defendants") under the Perishable Agricultural Commodities Act, 1930, 7 U.S.C. 499a-499t ("PACA").

2. As set forth in the Complaint in Intervention, Movant also has claims for relief against the Company and Jaime Linares in his individual capacity, which arose under or are based upon PACA. Pursuant thereto, Movant also asserts rights in the assets which are, or will be, the subject of any orders entered in this Cause pursuant to 7 U.S.C. § 499e(c)(4) (the "PACA Trust").

3. This Court has jurisdiction over this action under PACA, 7 U.S.C. § 499e(c)(5) thereby creating a federal question under 28 U.S.C. 1331. The Court has supplemental jurisdiction over Movant's claims pursuant to 28 U.S.C. § 1367(a).

4. Movant claims an interest relating to the property and the transactions which are the subject of the action, and Movant is so situated that the disposition of the action may, as a practical matter, impair or impede Movant's ability to protect that interest. Movant is therefore entitled to intervene as a matter of right.

5. In the alternative, Movant's claims and Plaintiffs' claims have common questions of law and fact, and the Court should permit Movant to intervene in this action, in the exercise of the Court's discretion.

6. The intervention and joinder sought will neither deprive the Court of jurisdiction over the subject matter nor over the parties and is in the best interest of justice and judicial economy.

7. Movant conferred with counsel for Plaintiff, and Plaintiff has no objection to Movant's Motion to Intervene.

WHEREFORE, Movant prays this Honorable Court grant it leave to file its Complaint in Intervention instanter.

        Respectfully submitted,

        MANDOLINI COMPANY, INC.

        By: ___s/ Gretchen Wehrenberg Stewart_____
            One of Its Attorneys

        Gretchen Wehrenberg Stewart, Esq.
        ADELMAN LAW OFFICES, P.C.
        1901 N. Roselle Rd., Ste. 800
        Schaumburg, Illinois 60195
        Tel: 847/301-4341
        stewart@pacaenforcer.com