**EXHIBIT A**

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| JACK TUCHTEN WHOLESALE PRODUCE, INC. <br>                                        Plaintiff, <br> v. <br> <br> JERRY'S CERTIFIED FOOD, INC. and <br> JAIME LINARES, <br>                                         Defendants. <br> MANDOLINI COMPANY, INC., an Illinois Corporation <br>                                       Intervening Plaintiff, <br> v. <br> <br> JERRY'S CERTIFIED FOOD, INC. and <br> JAIME LINARES, individually, <br>                                         Defendants. | Case No. 08 C 351 <br><br> Judge Leinenweber <br><br> Magistrate Judge Schenkier |

**COMPLAINT IN INTERVENTION**

For its Complaint in Intervention, Mandolini Company, Inc., respectfully states as follows:

**THE PARTIES**

1. Intervening Plaintiff is Mandolini Company, Inc. ("Intervening Plaintiff"), which maintains its offices in Chicago, Illinois

2. Intervening Plaintiff sells wholesale quantities of perishable agricultural commodities ("Produce") in interstate commerce.

3. Defendants are:

a) Jerry's Certified Food, Inc. (the "Company") an Illinois corporation and an entity engaged in the purchase of Produce in wholesale or jobbing quantities; and

b) Jaime Linares ("Principal"), in his individual capacity and an individual in a position to control the Company's actions.

(The Company and the Principal are collectively referred to as the "Defendants").

## JURISDICTION AND VENUE

4.      The District Court has jurisdiction over this civil action arising under the Perishable Agricultural Commodities Act ("PACA"), 7 U.S.C. § 499e(c)(5), pursuant to 28 U.S.C. § 1331. The Court has supplemental jurisdiction over Intervening Plaintiff's other claims pursuant to 28 U.S.C. § 1367(a).

5.      Venue in this District is based on 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to Intervening Plaintiff's claims occurred in this district.

## FACTUAL ALLEGATIONS

6.      Intervening Plaintiff sold to the Company and the Company purchased from Intervening Plaintiff, Produce having a current total aggregate value in the amount of $13,375.07[1] plus further interest and collection costs, including attorney's fees.

7.      The Produce identified above was sold pursuant to the invoices issued by Intervening Plaintiff attached to, and summarized in, the chart attached hereto as Exhibit 1.

8.      The Company received from the Intervening Plaintiff the invoices referenced in paragraph 7.

9.      The Intervening Plaintiff sent to the Company, and the Company received and accepted, the Produce identified in the invoices referenced in paragraph 7.

10.     The Company failed to pay the Intervening Plaintiff for its Produce despite repeated written demands.

11.     Intervening Plaintiff is an unpaid supplier or seller of Produce having sold Produce to the Company for which Intervening Plaintiff remains unpaid.

---

[1] All references to this amount include interest and estimated collection costs as itemized with current invoice balance in the chart attached in Exhibit 1.

2

12. Intervening Plaintiff operated its business under a valid PACA license issued by the United States Department of Agriculture ("USDA") and its invoices contained the required statutory language and were sent to the Company within the statutory time limits, sufficient to preserve Intervening Plaintiff's PACA trust rights.

13. Pursuant to PACA, 7 U.S.C. § 499e(c), Intervening Plaintiff is a beneficiary of a statutory trust res designed as a fund from which it can be assured payment. The trust became effective at the time the Company first began accepting shipments of Produce.

## COUNT I.

### ENFORCEMENT OF THE PACA TRUST
### 7 U.S.C. § 499e(c)(4)

### DEFENDANTS

14. Intervening Plaintiff re-alleges paragraphs 1 through 13.

15. The Defendants are in possession, custody and control of PACA trust assets for the benefit of Intervening Plaintiff and other similarly situated PACA trust beneficiaries.

16. The Defendants failed to pay Intervening Plaintiff from the PACA trust assets for the shipments of Produce referenced in paragraph 7.

17. The Defendants failed to maintain sufficient trust assets to fully satisfy all qualified PACA trust claims such as the Intervening Plaintiff's unpaid claims asserted in this action.

18. As a direct result of the Defendants' failure to properly protect the PACA trust assets from dissipation, Intervening Plaintiff suffered damages, which are covered under the PACA trust in the current amount of $13,375.07.

19. Intervening Plaintiff seeks the entry of an Order directing the Defendants to immediately turn over to Intervening Plaintiff, as beneficiary of this trust, an amount of the

PACA trust res equal to the sum of $13,375.07, plus further interest and collection costs, including attorney's fees.

## COUNT II.

### BREACH OF CONTRACT

### COMPANY

20.	Intervening Plaintiff re-alleges paragraphs 1 through 13.

21.	Intervening Plaintiff and the Company entered into contracts under which Intervening Plaintiff agreed to sell the Produce and the Company agreed to purchase the Produce, referenced in paragraph 7 above.

22.	The Company failed to pay for each shipment of Produce in the aggregate amount of $13,375.07.

23.	Intervening Plaintiff seeks entry of an Order directing the Company to immediately pay the current sum of $13,375.07 to the Intervening Plaintiff, plus further interest and collection costs, including attorney's fees.

## COUNT III.

### BREACH OF FIDUCIARY DUTY TO PACA TRUST BENEFICIARIES

### PRINCIPAL

24.	Intervening Plaintiff realleges paragraphs 1 through 13.

25.	At all times relevant to this action, the Principal was a person in position to control substantially all aspects of the Company's business undertakings.

26.	At all times relevant to this action, the Principal was a person engaged in the business of buying or selling Produce.

27. The Principal controlled and managed the Company's operations and had control over its financial dealings, including those involving the PACA trust assets.

28. The Principal had full knowledge and responsibility for the handling of the Company's PACA trust undertakings.

29. The Principal was a statutory trustee of Intervening Plaintiff's PACA trust assets and was required to maintain the trust assets in such a manner as to ensure there are, at all times, sufficient trust assets to satisfy all outstanding PACA trust obligations such as that owed to Intervening Plaintiff.

30. Because Intervening Plaintiff's invoices have not been paid from PACA trust assets as its bills fell due, Intervening Plaintiff has reason to believe the Principal dissipated the PACA trust or transferred trust assets to entities having claims which are subordinate to the Intervening Plaintiff's claims to the detriment of the Intervening Plaintiff and all other equally situated and properly qualified PACA trust beneficiaries.

31. The Principal continues to hold any and all PACA Trust assets having come into their individual possession as trustees for Intervening Plaintiff's beneficial interests in the PACA Trust.

32. The Principal is personally liable to Intervening Plaintiff, which liability is joint and several with the Company and any third parties having received any PACA trust assets with actual or constructive notice of the breach of the PACA Trust, for the dissipation of the PACA trust to the extent of $13,375.07, plus further interest and collection costs, including attorney's fees, to be satisfied from the personal assets of the Principal.

**FOR THESE REASONS,** Intervening Plaintiff seeks the entry of an Order providing as follows:

A)  As to Count I, directing the Defendants to assign, transfer, deliver and turn over to Intervening Plaintiff, or a designated escrow agent, all of the above described PACA trust assets sufficient to allow liquidation of such assets to the extent necessary to replenish the PACA trust to a sufficient level to satisfy any and all qualified PACA trust claims.

B)  As to Count I, entering a Final Judgment in favor of Intervening Plaintiff and against the Defendants, on a joint and several basis, in the current aggregate amount of $13,375.07, plus further interest and collection costs, including attorney's fees, less any actual recovery on other Counts herein;

C)  As to Count II, entering a Final Judgment in favor of Intervening Plaintiff and against the Company in the current aggregate amount of $13,375.07, plus further interest and collection costs, including attorney's fees, less any actual recovery on other Counts herein;

D)  As to Count III, entering a Final Judgment in favor of Intervening Plaintiff and against Principal, finding that Principal's acts were a breach of his fiduciary duties to the PACA trust beneficiaries, resulting in a defalcation while acting in a fiduciary capacity, with damages to Plaintiff in the current amount of $13,375.07, plus further interest and collection costs, including attorney's fees, less any actual recovery on other Counts herein, and;

E)  Providing such other relief this Honorable Court deems necessary.

Respectfully submitted,

MANDOLINI COMPANY, INC.

By: __s/ Gretchen Wehrenberg Stewart_____
       One of Its Attorneys

Gretchen Wehrenberg Stewart, Esq.
ADELMAN LAW OFFICES, P.C.
1901 N. Roselle Rd., Ste. 800
Schaumburg, Illinois 601795
Tel: 847/301-4341
stewart@pacaenforcer.com