**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| JACK TUCHTEN WHOLESALE PRODUCE, INC.<br>　　　　　　　　　　　　Plaintiff,<br>　v.<br><br>JERRY'S CERTIFIED FOOD, INC. and<br>JAIME LINARES,<br>　　　　　　　　　　　　Defendants.<br>MANDOLINI COMPANY, INC., an Illinois Corporation<br>　　　　　　　　　　　　Intervening Plaintiff,<br>　v.<br><br>JERRY'S CERTIFIED FOOD, INC. and<br>JAIME LINARES, individually,<br>　　　　　　　　　　　　Defendants. | )<br>)<br>)<br>)  Case No. 08 C 351<br>)<br>) Judge Leinenweber<br>)<br>) Magistrate Judge Schenkier<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**MEMORANDUM OF LAW IN SUPPORT OF**
**MOTION OF MANDOLINI COMPANY, INC. FOR**
**LEAVE TO INTERVENE AS A PLAINTIFF UNDER RULE 24**

Mandolini Company, Inc. ("Movant") moves for leave to intervene as Plaintiff in this action. In support of such Motion, Movant submits the following Memorandum of Law.

**I.　　INTRODUCTION.**

Movant submits its Complaint in Intervention against defendants Jerry's Certified Food, Inc. ("Company"), and Jaime Linares, in his individual capacity, (the "Principal") (the Company and the Principal are collectively referred to as the "Defendants") to enforce Movant's rights under the Perishable Agricultural Commodities Act of 1930 7 U.S.C. §499 *et seq.*, as amended ("PACA"), wherein Defendants acted as statutory trustees of the PACA trust. Defendants breached their fiduciary duties thereunder by failing to maintain the PACA trust and failing to pay promptly in violation of the PACA. As this action was filed before Movant's cause of action, Movant requests leave to intervene as a party Plaintiff within this proceeding initiated by Jack Tuchten Wholesale

Produce, Inc. ("Plaintiff"), in order to protect and preserve Movant's same rights as a trust claimant under PACA.

PACA provides for the establishment of a statutory trust in favor of all unpaid suppliers of perishable agricultural commodities. If the unpaid suppliers perfect their claims, then as qualified beneficiaries they are given the priority right to share in the corpus of the PACA trust. Movant has perfected its PACA trust claim by placing statutorily required language on the face of all invoices sent to the Defendants. 7 U.S.C. §499(e)(c)(4). Movant is a qualified beneficiary entitled to share in the PACA trust, has a definitive interest in the trust res, and is entitled to intervene to protect its rights.

## II.  ARGUMENT

### A. MOVANT IS ENTITLED TO INTERVENE AS A MATTER OF RIGHT PURSUANT TO FED.R.CIV.P. 24(a)(2).

Rule 24(a) of the Federal Rules of Civil Procedure provides:

(a) Intervention of Right. Upon timely application anyone shall be permitted to intervene in an action: (1) when a statute of the United States confers an unconditional right to intervene; or (2) when the applicant claims an interest relating to the property or transaction which is the subject of the action and the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest, unless the applicant's interest is adequately represented by existing parties. Fed.R.Civ.P. 24(a)(2).

Under general jurisprudence, intervention as of right under Rule 24(a)(2) has four requirements: (1) the application must be timely; (2) the applicant must have an interest relating to the property or transaction which is the subject of the action; (3) the applicant must be so situated that disposition of the action may impair or impede his ability to protect that interest; and (4) the applicant's interest must be inadequately represented by existing parties. Nissei Sangvo American, Ltd. V. United States, 31 F.3d 435, 438 (7th Cir. 1994); see also, Texas v. U.S. Dept. of Energy, 754

F.2d 550 (5th Cir. 1985); Newport News Shipbuilding and Drydock Co. v. Peninsula Shipbuilder's Association, 646 F.2d 117 (4th Cir. 1981); Alameda Water & Sanitation District v. Browner, 9 F.3d 88 (10th Cir. 1993). As with all of the Federal Rules of Civil Procedure, Rule 24 is to be broadly and liberally construed in favor of applicants for intervention. Washington State Bldg. & Const. Trades Council v. Spellman, 684 F.2d 627, 630 (9th Cir. 1982); see also Greene v. United States, 996 F.2d 973 (9th Cir. 1993). As set forth below, Movant herein meets all four of the above requirements for intervention as of right.

    **1.** **<u>Movant's Motion Is Timely.</u>**

A motion for intervention, either permissively or as a matter of right, must be timely, but timeliness is not a word of precisely measurable dimensions and is, rather, to be determined from all circumstances within the sound discretion of the trial court. Jones v. Caddo Parish School Bd., 704 F.2d 206 (5th Cir. 1983). Circumstances relevant to the determination as to timeliness include the purpose for which intervention is sought, the necessity for intervention as a means of preserving the Movant's rights, and the improbability of prejudice to those parties already in the case. Hodgson v. United Mine Workers of America, 473 F.2d 118 (D.C. Cir. 1972). In the instant case, the Movant is acting in a timely fashion in an effort to promptly intervene and protect its rights. An analysis of the circumstances identified in Hodgson supports this assertion. Movant seeks to intervene for the purpose of enforcing its rights under PACA as a qualified beneficiary of the statutory trust. The Plaintiffs and Intervening Plaintiffs in this action have asserted similar claims of rights to the trust res. Furthermore, it is necessary for Movant to intervene in this action in order to ensure that it receives its fair share of the trust res. None of the Plaintiffs, Intervening Plaintiffs or the Defendants will be prejudiced by this intervention. In fact, none of the Plaintiffs, Intervening Plaintiffs or the Defendants can be afforded full and final relief in this lawsuit in Movant's absence. As perfected

trust beneficiaries of Defendants, Plaintiffs, Intervening Plaintiffs and Movant possess identical rights to payment under PACA, which shall be made on a pro-rata basis should sufficient assets not be available, as discussed more fully below.

All the relevant circumstances point to the fact that Movant's Motion for Leave to Intervene is timely. Further, where as here, the motion is made as a matter of right, courts have held that the standard for determining timeliness is to be even more leniently applied. <u>Stallworth v. Monsanto</u>, 558 F.2d 257 (11th Cir. 1977); <u>Diaz v. Southern Drilling Corp.</u>, 427 F.2d. 1118 (5th Cir. 1970), *cert. den*. 400 U.S. 878.

### 2. **<u>Movant Has An Interest In The Property Subject To This Action</u>.**

Movant also meets the second requirement for intervention as a matter of right in that it has an interest relating to the property which is the subject of the action. A sufficient interest has been held to exist when there is a readily identifiable fund in which applicants maintain a right to participate. <u>Hardy-Latham v. Wellons</u>, 415 F.2d 674 (4th Cir. 1968). It has also been held that intervention by a party whose only interest in the litigation is a lien on proceeds is proper at any time before final judgment. <u>Lalic v. Chicago, B.&.Q.R. Co.</u>, 263 F.Supp. 987 (D.C. Ill. 1967). As noted, Movant asserts an interest in the funds constituting the res of the PACA trust. As a qualified trust beneficiary by virtue of compliance with the PACA notice requirements, Movant has the right to participate in the distribution of the res.

**3.   <u>Movant's Ability To Protect Its Interests</u> <u>Will Be Impaired Without Intervention</u>.**

Movant meets the third requirement for intervention as a matter of right because disposition of this action without its intervention will impair or impede its ability to protect its interests. Movant is entitled to participate in at least an equitable pro-rata distribution with the current Plaintiffs and Intervening Plaintiffs and not be forced to wait until Plaintiffs and Intervening Plaintiffs herein have been paid. The only way to ensure that Movant's PACA claims will be considered along with those of the current Plaintiffs and Intervening Plaintiffs is to permit Movant's intervention. Movant has reason to believe that the remainder of the PACA trust res may be insufficient to satisfy Movant's claims if Movant is forced to wait until Plaintiffs and Intervening Plaintiffs are paid.

4.   **<u>Movant Will Not Be Adequately Represented By The Existing Parties</u>.**

Finally, Movant will not be adequately represented by existing parties. As set forth above, where the trust res may be insufficient to satisfy the claims of all qualified beneficiaries, PACA trust beneficiaries are entitled to an immediate pro-rata distribution of the trust fund. <u>See</u> <u>Fresh Kist Produce, LLC v. Choi Corp.</u>, 223 F.Supp.2d 1, (D.D. C. 2002), amended on other grounds by <u>Fresh Kist Produce, LLC v. Choi Corp.</u>, 251 F. Supp. 2d 138 (D.D.C. 2002); <u>In re Milton Poulos, Inc.</u>, 107 B.R. 715 (9th Cir. B.A.P. 1989). For this reason, the existing Plaintiffs, Intervening Plaintiffs and Movant have competing interests. Assuming the trust res will not satisfy all the PACA creditors, the existing Plaintiffs and Intervening Plaintiffs will ensure themselves of a greater pro-rata distribution should no other PACA creditors enter this action. Therefore, Movant's interest is not being adequately represented at this time and will continue to be inadequately represented, and thereby prejudiced, if Movant is not permitted to intervene.

Because all the requirements set forth in <u>Texas v. U.S. Dept. of Energy</u>, *supra*, have been

met, the instant Motion for Leave to Intervene as of right pursuant to Rule 24(a) is appropriate and should be granted.

### B. ALTERNATIVELY, MOVANT SHOULD BE PERMITTED TO INTERVENE PURSUANT TO FED.R.CIV.P. 24(b).

Rule 24(b) of the Federal Rules of Civil Procedure provides:

> (b) Permissive Intervention. Upon timely application anyone may be permitted to intervene in an action: (1) when a statute of the United States confers a conditional right to intervene; or (2) when an applicant's claim or defense and the main action have a question of law or fact in common. When a party to an action relies for ground of claim or defense upon any statute or executive order administered by a federal or state governmental officer or agency or upon any regulation, order, requirement or agreement issued or made pursuant to the statute or executive order, the officer or agency upon timely application may be permitted to intervene in the action. In exercising its discretion the court shall consider whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties.

Fed.R.Civ.P. 24(b)(2).

Alternatively, Movant requests permission to intervene pursuant to Rule 24 (b)(2) because its claims and the main action have several questions of law and fact in common. It has been held that anyone may be permitted to intervene if common questions of law or fact exist, unless the Court, in its discretion, determines that the intervention would unduly delay or prejudice adjudication of the rights of the original parties. See Pierson v. U.S., 71 F.R.D. 75 (D.C. Del. 1976). The common question of law as to the claims of all PACA creditors involves entitlement to payment as qualified trust beneficiaries. There will also be common questions of fact that can be determined in a single proceeding. For instance, the existing Plaintiffs, Intervening Plaintiffs and Movant have an interest in tracing PACA trust assets which have wrongfully left the Company (*e.g.*, payments to insiders or to secured creditors) or which have taken on another form (*e.g.*, new equipment). Thus, the desire for judicial economy is furthered by intervention.

Under existing law, the PACA trust res, "exists for the benefit of all unpaid produce sellers."

Strube Celery & Vegetable Co. v. Global Foods, LLC, 2006 U.S. Dist. LEXIS 78330 (S.D. Ind. 2006); Tanimura & Antle, Inc. v. Packed Fresh Produce, Inc., 222 F.3d 132 (3d Cir. 2000). Accordingly, the disposition of the present action will necessarily impede Movant's ability to protect its interests in the PACA trust res if it is not allowed to intervene.

Further, Plaintiffs and Intervening Plaintiffs will not be unduly prejudiced by this intervention. Plaintiffs' and Intervening Plaintiffs' rights to a pro-rata distribution will be adjudicated in due course. On the other hand, Movant will suffer prejudice if not allowed to intervene in this case.

### III.  CONCLUSION

Based upon the foregoing discussion, Movant meets all the requirements for intervention as of right pursuant to Fed.R.Civ.P. 24(a). Alternatively, Movant should be permitted to intervene under the provisions of Fed.R.Civ.P. 24(b) because there exist common questions of law and fact and no undue delay or prejudice to the original parties would result by virtue of such intervention. WHEREFORE, Movant prays that leave be granted to file its Complaint in Intervention instanter.

Respectfully submitted,

MANDOLINI COMPANY, INC.

By: __s/ Gretchen Wehrenberg Stewart_____
    One of Its Attorneys
Gretchen Wehrenberg Stewart, Esq.
ADELMAN LAW OFFICES, P.C.
1901 N. Roselle Rd., Ste. 800
Schaumburg, Illinois 60195
Tel: 847/301-4341
stewart@pacaenforcer.com