IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JACK TUCHTEN WHOLESALE PRODUCE, INC. | : |
| | : |
| Plaintiff | : |
| | : |
| v. | :Civil No: 08 C 351 |
| | :Judge Leinenweber |
| JERRY'S CERTIFIED FOOD, INC., and | :Mag. Judge Schenkier |
| JAIME LINARES, | : |
| | : |
| Defendants | : |

**MEMORANDUM OF LAW IN SUPPORT OF
MOTION FOR ENTRY OF DEFAULT JUDGMENT INSTANTER**

Plaintiff, Jack Tuchten Wholesale Produce, Inc. ("Tuchten"), submits this Memorandum in Support of Plaintiff's Motion for Entry of Default Judgment Instanter against Jerry's Certified Food, Inc. and Jaime Linares. Submitted herewith in support of Plaintiff's motion are the Affidavits of Plaintiff and Plaintiff's counsel.

**ARGUMENT**

    **I.    Default Should be Entered Whenever a Party Against Whom a Judgment for Affirmative Relief has Been Sought Fails to Plead or Otherwise Defend Within the Time Provided by Law.**

Rule 55(a) of the Federal Rules of Civil Procedure states in relevant part, "[w]hen a

party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules and that fact is made to appear by affidavit or otherwise, the clerk <u>shall</u> enter the party's default." Fed. R. Civ. P. 55(a) (emphasis added).

Defendant was duly served with the Summons and Complaint as reflected by the returns of service filed in this matter. The docket in this matter also establishes that defendants have failed to plead or otherwise present any defenses to the allegations contained in the Complaint within the time provided for by law. Accordingly, Plaintiff requests that, pursuant to Rule 55(a) of the Federal Rules of Civil Procedure, default be promptly entered against defendants Jerry's Certified Food, Inc. and Jaime Linares.

  **II.** **Judgment by Default Should be Entered Against the Defendant Pursuant To Fed. R. Civ. P. Rule 55(b)(1) and/or (2).**

Rule 55(b)(1) of the Federal Rules of Civil Procedure states, in relevant part, that

> [w]hen the plaintiff's claim against a defendant is for a sum certain or for a sum which can by computation be made certain, the clerk upon request of the plaintiff and upon affidavit of the amount due shall enter judgment for that amount and costs against defendant, if the defendant has been defaulted for failure to appear . . . ."

Fed. R. Civ. P. 55(b)(1). In all other cases, Rule 55(b)(2) provides for the party entitled to a judgment by default to apply to the court therefor. As discussed above, defendants have failed to plead or otherwise present any defenses to the allegations contained in the Complaint within the time provided by law. In addition, defendants owe a sum certain to the Plaintiff. Attached hereto are the affidavits of Plaintiff's President, Dawn E. Arkin and Plaintiff's counsel, attesting to the fact that while defendants paid the principal balance due Plaintiff after this lawsuit was commenced, Plaintiff is due the

amount of $471.61 for accrued contract interest, and attorney's fees and costs of $3,864.00 in bringing this action, for a total of $4,335.61.

The claim asserted by Plaintiff is a sum certain, as reflected in the Arkin, Fassett and Kohn Affidavits. In addition, an award of contract interest and attorney's fees and costs is a term of the parties' agreements regarding defendants' purchase of produce from Plaintiff, as set forth in the exhibits to the Arkin Affidavit. All of the United States Courts of Appeal which have addressed the issue of entitlement to interest and attorneys' fees under the trust provisions of the Perishable Agricultural Commodities Act, 7 U.S.C. §499e(c)(2) ("PACA") are unanimous in holding that attorney's fees and interest are all within the scope of the PACA trust. See Coosemans Specialties, Inc. v. Gargiulo, 485 F.3d 701, 707 (2d Cir. 2007) (contractual attorney fees are "sums owing in connection" with the transaction); see also Country Best v. Christopher Ranch, LLC, 361 F.3d 629 (11th Cir. 2004); Middle Mountain Land and Produce, Inc. v. Sound Commodities, Inc., 307 F.3d 1220 (9th Cir. 2002); E. Armata, Inc. v. Platinum Funding, 887 F.Supp. 590, 594-95 (S.D. N.Y. 1995) (attorney's fee provision on invoices enforced); Morris Okun, Inc. v. Harry Zimmerman, Inc., 814 F. Supp. 346, 351 (S.D.N.Y. 1993) (interest and attorney's fee are sums owing in connection with transaction). Here, the terms providing for interest and attorneys' fees were contracted for because they were included on the invoices of Tuchten, which were received and accepted by the defendants without protest. U.C.C. § 2-207; "R" Best Produce, Inc. v. Eastside Food Plaza, Inc., 2003 U.S.Dist. LEXIS 16979 (S.D.N.Y. Sept. 30, 2003).

Accordingly, Plaintiff requests that default judgments be entered against defendants, Jerry's Certified Food, Inc. and Jaime Linares, pursuant to Rule 55(b)(1) and/or (2) of the

3

Federal Rules of Civil Procedure, and the case authorities on personal liability under the PACA discussed below.

### III.     The Nature and Scope of the PACA Trust.

This case arises under the trust provisions of The Perishable Agricultural Commodities Act, 7 U.S.C. 499e(c)(4)  ("PACA") for failure to pay Plaintiff for wholesale quantities of produce sold and delivered to defendant, Jerry's Certified Food, Inc. ("Jerry's").  Defendant, Jaime Linares, is the owner and officer of Jerry's who controlled the operations of Jerry's and was in a position of control over the PACA trust assets belonging to Plaintiff during the period of time in question, as evidenced by the Illinois Secretary of State corporate information on file for Jerry's. See Exhibit 1 to Arkin Affidavit.

The PACA was enacted in 1930 "to suppress unfair and fraudulent practices in the marketing of fruits and vegetables in interstate and foreign commerce."  49 Fed. Reg. 45737.  Thus, PACA requires produce dealers to make "full payment promptly" for any produce they purchase.  7 U.S.C. § 499(b)(4).

In 1984, the PACA was amended to "increase the legal protection for unpaid sellers and suppliers of perishable agricultural commodities until full payment of sums due has been received by them."  (Emphasis added.) 1984 U.S. Code Cong. & Admin News 406. See Tanimura & Antle, Inc., et al. v. Packed Fresh Produce, Inc., 222 F.3d 132 (3d Cir. 2000); see also Frio Ice, S.A. v. Sunfruit, Inc., 918 F.2d 154, 159 (11th Cir. 1990) (". . . the central purpose of Section 499e(c) is to ensure payment to trust beneficiaries.")

To carry out this intent, Section 499e(c) imposes a statutory trust on all produce-related assets, including the produce itself, other products derived therefrom, and any

4

receivables or proceeds from the sale thereof, held by agricultural merchants, dealers and brokers which must be maintained for the benefit of all unpaid suppliers and sellers of the produce until full payment has been made. 7 U.S.C. § 499e(c)(2). The PACA statute also makes clear that the trust extends not only to the produce sold, but to sums due and owing "in connection with" the transaction. See 7 U.S.C. 499e(c)(2). Thus, PACA trust protection extends to non-produce charges where those charges '[a]ppear to be related to the produce charges noted on the [invoice]." *Fishgold v. Onbank & Trust Co., et al.*, 43 F.Supp.2d 346, 349 (W.D.N.Y. 1999) supra.

The trust arises upon the commencement of the produce purchaser's business and is continually in existence throughout the life of the purchaser's business. Tanimura & Antle, Inc., et al., supra.; see In re Kornblum & Co., Inc., 81 F.3d 280 (2nd Cir. 1996); In re Atlantic Tropical Market Corp., 118 B.R. 139 142 (Bkrtcy. S.D.Fla. 1990).

The PACA requires produce suppliers to provide notice to the buyer of their intent to preserve trust benefits. In 1995, the PACA was amended so that notice could be accomplished by produce suppliers including the following language on the face of their invoices: "The perishable agricultural commodities listed on this invoice are sold subject to the statutory trust authorized by section 5(c) of the Perishable Agricultural Commodities Act, 1930 (7 U.S.C. 499e(c)). The seller of these commodities retains a trust claim over these commodities, all inventories of food or other products derived from these commodities, and any receivables or proceeds from the sale of these commodities until full payment is received." 7 U.S.C. 499e(c)(4). Plaintiff properly preserved its trust rights by including the requisite language on is invoices to Jerry's. See Arkin Affidavit filed herewith.

Failure to maintain the trust and make full payment promptly to the trust beneficiary is unlawful. 7 U.S.C. § 499b(4). Furthermore, agricultural merchants and dealers "are required to maintain trust assets in a manner that such assets are freely available to satisfy outstanding obligations to sellers of perishable agricultural commodities." 7 CFR 46.46(e)(1). "Any act or omission inconsistent with this responsibility, including dissipation or trust assets, is unlawful and in violation of [7 U.S.C. § 499b]." Id.

### IV.    Personal Liability Under The PACA.

The courts which have addressed the issue of individual liability under the trust provisions of the PACA are nearly unanimous that Congress intended ordinary principles of trust law to apply to the PACA trust, and that an individual who is in a position to oversee the proper application of the PACA trust assets and who does not preserve the trust assets for the beneficiaries, for whatever reason and however innocent, has breached a fiduciary duty, and is personally liable for that tortious act. See Coosemans Specialties, Inc. v. Gargiulo, 485 F.3d 701, 705 (2d Cir. 2007); Weis-Buy Servs. v. Paglia, 411 F.3d 415, 420-421 (3d Cir. 2005); Patterson Frozen Foods v. Crown Foods Int'l, 307 F.3d 666, 669 (7th Cir. 2002); Golman-Hayden Co., Inc. v. Fresh Source Produce, Inc., 217 F.3d 348, 351 (5th Cir. 2000); Hiller Cranberry Prods. v. Koplovsky, 165 F.3d 1, 8-9 (1st Cir. 1999); Sunkist Growers, Inc. v. Fisher, 104 F.3d 280, 283 (9th Cir. 1997) ("We agree that individual shareholders, officers and directors of a corporation who are in a position to control PACA trust assets and who breach their fiduciary duty to preserve these assets may be held personally liable under the Act."); Morris Okun, Inc. v. Harry Zimmerman, Inc., 814 F.Supp. 346 (S.D.N.Y. 1993) ("An individual who is in the position to control the trust assets and who does not preserve them for the beneficiaries has breached a fiduciary duty,

and is personally liable for that tortious act"); Bronia, Inc. v. Ho., 873 F.Supp. 854, 861 (S.D.N.Y. 1995) ("primary actor responsible for [the corporation's] failure to live up to its fiduciary responsibilities under the PACA" will be personally responsible for the corporations' breach of trust); N.P. Deoudes, Inc. v. Snyder, (In re Snyder), 184 B.R. 473 (D. Md. 1995) (personal liability may be imposed on the controlling person of a corporation when trust assets are used for any purpose other than paying trust claims); Mid-Valley Produce Corp. v. 4-XXX Produce Corp., 819 F.Supp. 209 (E.D.N.Y. 1993) ("[A]n officer who causes a corporate trustee to commit a breach of trust which causes a loss of the trust is personally liable to the beneficiaries for that loss"); Larry Sheppard v. KB Fruit & Vegetable, Inc., 1994 W.L. 317477 (E.D. Pa. 1994) (shareholders, officers and directors, who appointed a manager to operate their business are personally liable to the PACA creditors for the breach of the trust primarily caused by the manager as a matter of law); In re Harper, 150 B.R. 416 (Bkrtcy.E.D. Tenn. 1993) (corporate officer found liable because "when there are fiduciary responsibilities of a corporation, it is the employee or officer responsible for implementing the fiduciary responsibilities who is liable for any acts of defalcation.")

  Defendant Jaime Linares' failure to preserve the trust assets for Plaintiff is a breach of his fiduciary duties for which he is personally liable. Failure to turn over the trust assets when payment is due to the produce suppliers, breaches the fiduciary duty to make the trust assets "freely available" to the PACA trust beneficiary. Id.; see also Morris Okun, Inc. v. Harry Zimmerman, Inc., supra. at 348 (SDNY 1993) (PACA trust in effect imposes liability on a trustee, whether a corporation or a controlling person of that corporation who uses the trust assets for any purpose other than repayment of the supplier); Reds Market v. Cape

Canaveral Cruise Line, Inc., supra. (M.D.Fla. 2002) (a simple finding that individuals failed to account for trust assets is sufficient to impose personal liability under PACA).

It has been repeatedly held by the courts that an officer and director of a produce company, such as defendant Linares, who is in a "position of control" over the PACA trust assets, are personally liable for the breach of the PACA trust regardless of whether they personally dissipated the assets. Golman-Hayden Co., Inc. v. Fresh Source Produce, Inc., supra. (5th Cir. 2000); Sunkist Growers, Inc. v. Fisher, supra. at 283 (9th Cir. 1997), Larry Sheppard v. KB Fruit & Vegetable, Inc., supra. (E.D. PA 1993); Morris Okun, Inc. v. Harry Zimmerman, Inc., supra. (SDNY 1993); Reds Market v. Cape Canaveral Cruise Line, Inc., supra. (M.D.Fla. 2002).

The bases for this holding are the common law trust principles that: fiduciary duties are not carried out by a business or corporation, but by the individuals who are responsible for the operation of the corporation, Id., see also In re Harper, 150 B.R. 416 (Bkrtcy. E.D. Tenn. 1993); and that trustees are under a duty to the beneficiary to exercise such care and skill as a man of ordinary prudence would exercise in dealing with his own property. Restatement 2nd of Trusts, § 174.

In this case, defendant Jaime Linares was legally responsible for the activities of Jerry's Certified Food, Inc. and was in a "position of control" over the PACA trust assets. Accordingly, he was responsible for ensuring that the PACA trust assets were not dissipated and were freely available to pay Plaintiff. Id., see also Larry Sheppard v. KB Fruit & Vegetable, Inc., supra, Golman-Haydean Co., Inc. v. Fresh Source Produce, Inc., supra; Reds Market v. Cape Canaveral Cruise Line, Inc., supra. Having failed to fulfill his duties as trustee, he is liable to Plaintiff, the trust beneficiary.

### V.	Interest And Attorneys Fees Due Plaintiffs.

As set forth in Plaintiff's Motion for Entry of Default Judgment Instanter, an award of contract interest and attorney's fees and costs is a term of the parties' agreements regarding defendants' purchase of produce from Plaintiff, as set forth in the exhibits to the Complaint, the authenticity of which has been admitted through default.  See Middle Mountain Land and Produce, Inc. v. Sound Commodities, Inc., 307 F.3d 1220 (9th Cir. 2002); Country Best v. Christopher Ranch, L.L.C., 361 F.3d 629 (11th Cir. 2004) (unpaid sellers of produce who include contractual provisions for attorneys' fees and interest in their agreements to sell perishable agricultural commodities, and who properly preserves PACA trust benefits, are entitled to trust protection for those additional expenses incurred).  Plaintiff has submitted a detailed calculation of the interest due through January 31, 2008 as set forth in the affidavit of Dawn E. Arkin. Plaintiff has incurred total attorney's fees of $3,864.00 as set forth in the Fassett and Kohn Affidavits.

### CONCLUSION

For the foregoing reasons, Plaintiff requests that this Court enter a default judgment in favor of Plaintiff and against defendants, Jerry's Certified Food, Inc., and Jaime Linares, for accrued contract interest of $471.61, and attorney's fees and costs of $3,864.00, incurred in bringing this action and collecting the principal balance due from defendants, for a total of $4,335.61.

Dated this 4th day of March, 2008.

| McCARRON & DIESS | LAW OFFICES OF WILLIAM B. KOHN |
|---|---|
| By:s/ Mary Jean Fassett | By:s/ William B. Kohn |
| Mary Jean Fassett, ID#9078552 | William B. Kohn |
| 4900 Massachusetts Ave., N.W. | 150 N. Wacker Drive |
| Suite 310 | Suite 1400 |
| Washington, DC 20016 | Chicago, Illinois 60606 |
| Tel. (202) 364-0400 | Tel. (312) 553-1200 |
| Fax (202) 364-2731 | Fax (312) 553-1733 |
| mjf@mccarronlaw.com | kohn@wbkohnlaw.com |
|  | Attorneys for Plaintiff |