IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

JACK TUCHTEN WHOLESALE PRODUCE, INC. :
:
    Plaintiff :
:
v. :Civil No: 08 C 351
:Judge Leinenweber
JERRY'S CERTIFIED FOOD, INC., and :Mag. Judge Schenkier
JAIME LINARES, :
:
    Defendants :

**AFFIDAVIT OF DAWN E. ARKIN IN SUPPORT OF
MOTION FOR ENTRY OF DEFAULT JUDGMENT INSTANTER**

STATE OF ILLINOIS   :

COUNTY OF COOK   :

Dawn E. Arkin, being duly sworn, deposes and says:

1. I am the President of Jack Tuchten Wholesale Produce, Inc. ("Tuchten").

2. I make this Affidavit in Support of the Motion for Entry of Default Judgment Instanter against defendants Jerry's Certified Food, Inc. ("Jerry's") and Jaime Linares.

3. I am personally familiar with all matters which are the subject of this proceeding and the facts set forth in this affidavit are within my personal knowledge. If called upon as a witness, I would and could competently testify to all facts stated in this affidavit.

4. Tuchten is in the business of selling wholesale quantities of perishable agricultural commodities (hereafter "produce"). Tuchten is a produce dealer subject to and licensed under the Perishable Agricultural Commodities Act of 1930 ("PACA"), as amended, 7 U.S.C. § 499a *et seq*. The produce that is the subject of the PACA trust claim of Tuchten against defendant was shipped and moved in or in anticipation of interstate commerce.

5. Defendant Jerry's was a produce dealer subject to license under PACA as a dealer.

6. Defendant Linares was the president of Jerry's who ran the day to day operations of Jerry's and was in a position of control over the trust assets at issue in this proceeding. A copy of the Illinois Secretary of State Corporate Information with respect to Jerry's is attached hereto as Exhibit 1.

6. The sales and accounts receivable records of Tuchten, including, but not limited to, invoices and account statements, are made in the ordinary course of business and are made at or near the time of the occurrence of the event of which they are a record. These business records are made by me or under my direction and supervision by employees whose duty it is to prepare such documents.

7. My responsibilities include monitoring the sale of produce, including those sales that are the subject of this dispute. My responsibilities also include supervising collection of the accounts receivable for such sales, including the accounts of the defendant, which are the subject of the present motion. I have custody and control of the sales and accounts receivable records of Tuchten as they relate to the defendant, and I am thoroughly familiar with the manner in which those records are compiled. I was responsible for supervising the collection of receivables resulting from the sales transactions, and I am the custodian of all invoices, including those at issue in this proceeding.

8. Between October 8, 2007 and November 2, 2007, Tuchten sold and delivered to defendants, in interstate commerce, wholesale amounts of produce items worth $10,133.50.

9. With respect to the sales transactions described above, an invoice for each shipment was prepared and delivered with the shipment to defendant. Attached hereto as Exhibit 2 are copies of the invoices provided by Tuchten to the defendant for these sales.

10. Each of the invoices sent by Tuchten to defendant contained the contracted terms that defendant was required to pay Tuchten interest on all outstanding invoices at 1.5% per month and attorneys' fees incurred by Tuchten in collecting any debt owed to it by defendant. Attached as Exhibit 3 is a chart calculating interest at 1.5% per month through January 31, 2008, for a total amount of accrued interest in the amount of $471.61.

11. In February, 2008, after this lawsuit was filed and served, defendants paid the principal balance due to Tuchten. There is currently due and owing to Tuchten from defendants the amount of $471.61 in accrued contractual interest, plus reasonable attorney's fees and costs incurred as set forth in the affidavits of Tuchten's counsel.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this 27 day of FEBRUARY, 2008.

By: _____ President
Dawn E. Arkin, President
Jack Tuchten Wholesale Produce, Inc.